## JOHN HOGAN *v.* MARIE WATKINS AND C. GARCIA, GARNISHEE.

### NO. 2841.

ARGUED MAY 21, 1952.     DECIDED OCTOBER 30, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action in assumpsit. It arose out of a landlord-tenant relationship and is brought by the plaintiff as tenant against the defendant as landlord. It seeks to recover in full all the money paid as the agreed rental for a room in the defendant's residence, which the plaintiff occupied for a period of twenty-two months on a month-

to-month basis and on which no maximum-rent ceiling had been established. That room was subject to rent control and constituted a housing accommodation which had "not been rented on May 27, 1941, nor within the preceding twelve months" within the meaning of sections 3 (c) and 7 (c) of the Honolulu rent-control ordinance number 941 as amended. Moreover, it was rented to the plaintiff without the defendant having first petitioned "the rent control commission to establish a maximum-rent ceiling * * * for such housing accommodation," as required of a landlord in such a case by the provisions of section 7 (c), *supra,* making such renting unlawful. At this juncture it is pertinent to note that no maximum-rent ceiling was ever determined while the plaintiff was the tenant of the defendant, nor does the plaintiff claim the rent to be excessive. The plaintiff's complaint alleges, however, that the defendant's violation of section 7 (c), *supra,* renders the rental agreement itself illegal, as well as her acts in collecting rent under it. But it is silent as to the acts of the plaintiff in paying rent. The illegality of rental agreement as alleged in the complaint constitutes not only the ground of recovery for the plaintiff but the defense to that recovery which the defendant noted on her general denial. Issue having been so joined, the parties stipulated in writing that "the question of law * * * [is] whether the money, paid under an executed illegal agreement as alleged, can be recovered back where the parties are in pari delicto" and that such question of law be argued before the presiding trial judge at a time certain. Pursuant thereto that stipulated question was then argued by counsel before the trial judge, who answered it in the negative. By oral and written decision he found the parties to be in pari delicto as the reason barring plaintiff's recovery and ordered the complaint dismissed.

The sole question meriting consideration on exceptions

as presented by the specification of errors concerns the meaning and effect of the written stipulation which has not been withdrawn and against which no relief has been granted. It is whether that continuing stipulation constitutes a binding admission that the parties are in pari delicto. Such stipulation obviously was made to clarify the issue of the plaintiff's right to recover on the ground of alleged illegality, as well as to avoid the delay, trouble and expense of a trial to establish the facts involved in that issue. It states a question as to the law which governs the plaintiff's case and premises that question upon facts, including the fact of pari delicto existing between the parties. In so stating and premising that question of law, the fair construction of the stipulation is that the parties did not intend the facts to be controverted. So construed, the stipulation admits those facts, including the fact that "the parties are in pari delicto," and constitutes an admission of them. That admission, as long as the stipulation stands, is conclusive. It is binding upon the parties, the trial judge and this court. Nor can it be contradicted by evidence tending to show the fact of pari delicto to be otherwise. (See *Le Barron* v. *City of Harvard,* 129 Neb. 460, 262 N. W. 26.) On appeal, neither party will be heard to suggest that the fact is other than admitted by the stipulation. (See *In Re Estate of Monfort,* 193 Minn. 594, 259 N. W. 554.) Nor is it necessary to decide what would have been the status of the parties had they not stipulated as they did in framing the question of law with respect to the plaintiff's right to recover on the ground of alleged illegality.

The stipulated question of law thus resolves itself into whether the plaintiff, as the tenant in pari delicto with his landlord, can recover back the agreed rental money paid under an illegal rental agreement after it has been executed and after he has occupied the rented premises for the full

period of tenancy. Under all the authorities, money so paid cannot be recovered back where the parties are in pari delicto. (See *Goo Yee* v. *Rosenberg,* 21 Haw. 513; for collection of authorities see 17 C. J. S. 660, § 272, n. 18.) No exception to the general rule appears where, as here, no facts are alleged inconsistent with the proposition that the plaintiff acted voluntarily and received full value in return for his money and where there is an absence of any suggestion of fraud, duress or undue influence. Nor is there any public policy requiring that relief be granted to the plaintiff, there being nothing in the record to indicate that the case is one of "rent-gouging" or that the agreed rental received by the defendant constitutes anything more than "a fair return on the value" of her housing accommodation within the spirit and purpose of the rent-control ordinance. (Hon. Ord. No. 941, § 11 as amended.) The answer and decision of the trial judge are therefore sustained.

Exceptions overruled.

*R. G. Hogan* (also on the briefs) for appellant.

*M. D. White* (also on the brief) for appellee.